**Hearing Date and Time: March 3, 2026 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 24, 2026 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **GORM WARM RED LTD.,** | : | **Case No. 22-10935 (MEW)** |
| | : | |
| **Reorganized Debtor.**[1] | : | |

**NOTICE OF HEARING**
**ON MOTION OF REORGANIZED DEBTOR**
**FOR AUTHORITY TO CLOSE REMAINING CHAPTER 11 CASE**

**PLEASE TAKE NOTICE** that Gorm Warm Red Ltd., as reorganized debtor in the above-captioned chapter 11 case (the "**Reorganized Debtor**"), filed the *Motion of Reorganized Debtor for Authority to Close Remaining Chapter 11 Case* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider entry of an order approving the Motion (the "**Hearing**") will be conducted before the Honorable Michael E. Wiles, in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), on **March 3, 2026 at 10:00 a.m. (Prevailing Eastern Time)**.

[1] The Reorganized Debtor's mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 27, 2024: SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc., Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall (i) be in writing, (ii) conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 292) (the "**Case Management Order**"), (iii) be filed with the Bankruptcy Court by (a) attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (b) all other parties in interest on a CD-ROM, in text-searchable portable document format (PDF) (with two single-sided hard copies delivered to the Judge's Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and (iv) be served in accordance with General Order M-399, the Bankruptcy Rules, the Local Rules, and the Case Management Order upon (a) the attorneys for the Reorganized Debtor, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Gary Holtzer, Kelly DiBlasi, David Griffiths, and Lauren Tauro) and (b) the Office of the United States Trustee for Region 2 (Attn: Andrea Schwartz, Esq.), by no later than **February 24, 2026 at 4:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion by the Objection Deadline, the Bankruptcy Court may grant the relief requested in the Motion without further notice or an opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting party is required to attend any Hearing and failure to appear may result in relief being granted upon default.

Dated: February 10, 2026
New York, New York

/s/ *Lauren Tauro*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Reorganized Debtor*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Reorganized Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **GORM WARM RED LTD.,** | : | **Case No. 22-10935 (MEW)** |
| | : | |
| **Reorganized Debtor.**[1] | : | |

**MOTION OF REORGANIZED DEBTOR FOR**
**AUTHORITY TO CLOSE REMAINING CHAPTER 11 CASE**

Gorm Warm Red Ltd., as reorganized debtor in the above-captioned chapter 11 case (the "**Reorganized Debtor**"), respectfully represents as follows in support of this motion (the "**Motion**"):

## Background

1. On July 5, 2022, the Reorganized Debtor, along with certain of its affiliates (collectively, the "**Debtors**" and, as reorganized, the "**Reorganized Debtors**"), each commenced with the Court a voluntary case under chapter 11 of title 11 of the United States Code (the **"Bankruptcy Code**").

[1] The Reorganized Debtor's mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 27, 2024: SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc., Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.

2. The Debtors' chapter 11 cases were jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3. On July 8, 2025, the Court entered an order appointing Kroll Restructuring Administration LLC ("**Kroll**") as claims and noticing agent [ECF No. 49].

4. On March 22, 2024, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and Its Subsidiary Debtors* [ECF No. 2347] (the "**Confirmation Order**"), confirming the *Second Amended Joint Chapter 11 Plan of Reorganization of SAS AB and Its Subsidiary Debtors* [ECF No. 1936] (as may be amended, modified, or supplemented from time to time in accordance with the terms thereof and the Confirmation Order, the "**Plan**").[2] On August 27, 2024, all conditions precedent to the Effective Date of the Plan were satisfied or waived in accordance with the Plan and the Plan was substantially consummated. Accordingly, the Effective Date of the Plan occurred on August 27, 2024.

5. On December 27, 2024, the Court entered the *Final Decree Closing Certain Cases and Amending Caption of Remaining Case* [ECF No. 3243] (the "**Initial Final Decree**"), which (i) consolidated administration of all pending and future matters relating to each Debtor, Reorganized Debtor, and any successor or assign under the chapter 11 case of Gorm Warm Red Ltd., Case No. 22-10935 (MEW) (the "**Remaining Case**") and (ii) granted a final decree closing the other chapter 11 cases, leaving the Remaining Case as the only open chapter 11 case. On February 19, 2025, the Court entered the *Supplement to Final Decree Closing Certain Cases and*

[2] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

*Amending Caption of Remaining Case* [Case No. 22-10935, ECF No. 49] to correct the inadvertent omission of the chapter 11 case of Gorm Dark Blue Ltd., Case No. 22-10932, from the list of closed cases set forth in paragraph 1 of the Initial Final Decree.

**Jurisdiction**

6. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

7. By this Motion, pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Rule 3022-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), the Reorganized Debtor requests entry of an order closing the Remaining Case.

8. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Final Decree**"). In support of this Motion, the Reorganized Debtor relies on the closing report, dated February 10, 2026, which is annexed hereto as **Exhibit B** (the "**Closing Report**").

**Relief Requested Should Be Granted**

9. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a Chapter 11 case, the court must, on its own motion or on a party in interest's motion, enter a final decree closing the case." Fed. R. Bankr. P. 3022.

10. The term "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Note to Bankruptcy Rule 3022 sets forth non-exclusive factors to be considered in determining whether a chapter 11 case has been fully administered, providing in relevant part:

> Factors that the court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.
>
> The court should not keep the case open only because of the possibility that the court's jurisdiction may be involved in the future. A final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the Code.

Fed. R. Bankr. P. 3022, Advisory Comm. Note.

11. Courts have generally used the six factors listed in the Advisory Committee Note to determine whether a case has been fully administered. *See*, *e.g.*, *In re Endo Int'l plc*, 666 B.R. 221, 226 (Bankr. S.D.N.Y. 2024); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, n.10 (Bankr. S.D.N.Y. 2008); *Ericson v. IDC Servs., Inc. (In re IDC Servs., Inc.)*, No. 93 B 45922 (SMB), 1998 WL 547085, at *3 (S.D.N.Y. Aug. 28, 1998); *In re SLI, Inc.*, No. 02-12608 (WS), 2005 WL 1668396, at *1 (Bankr. D. Del. 2005); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531 (Bankr. E.D.N.Y. 1999). The six factors, however, are merely guidelines that aid a Court's determination, and each of the factors need not be present before a Court enters a final decree. *In re Endo Int'l plc*, 666 B.R. at 226 ("Although courts should apply and weigh the factors, no one factor is dispositive." (citing *In re Union Home & Indus., Inc.*,

375 B.R. 912, 917–18 (B.A.P. 10th Cir. 2007) ("The factors listed in the Advisory Note are not considered exhaustive, nor must a party demonstrate all of the factors, before the court may find a case to be fully administered."))); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768–69 (Bankr. N.D. Ill. 1990); *Walnut Assocs. v. Saidel*, 164 B.R 487 (E.D. Pa. 1994).

12. In addition to the factors set forth in the Advisory Committee Note to Bankruptcy Rule 3022, in determining whether to issue a final decree, bankruptcy courts have considered whether a chapter 11 plan has been substantially consummated. *See*, *e.g.*, *In re Johnson*, 402 B.R. 851, 856 (Bankr. N.D. Ind. 2009) (considering substantial consummation as a factor in determining whether to close a chapter 11 case); *In re Gates Cmty. Chapel of Rochester*, *Inc*., 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (same).

**Reorganized Debtor's Chapter 11 Case Has Been Fully Administered**

13. The Remaining Case has been "fully administered" within the meaning of section 350 of the Bankruptcy Code. Further, the Plan has been substantially consummated within the meaning of section 1101(2) of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Remaining Case. Specifically:

- the Confirmation Order is final and non-appealable;
- the Plan became effective in accordance with its terms on August 27, 2024;
- the transactions contemplated by the Plan have been consummated;
- all claims filed against the Reorganized Debtors have been either Allowed or Disallowed;
- all payments required under the Plan by the Reorganized Debtors have been made; and
- the Reorganized Debtors are not parties in any adversary proceedings or contested matters pending before the Court.

14. Based upon the foregoing, closing the Remaining Case is appropriate and warranted under the circumstances.

15. Section 1930(a)(6) of title 28 of the U.S. Code requires that quarterly fees be paid to the United States Trustee for Region 2 (the "**U.S. Trustee**") after confirmation and consummation of a chapter 11 plan until a debtor's case is closed. Unless and until the Court enters a final decree closing the chapter 11 case of the Reorganized Debtor, quarterly fees will continue to accrue. Because there are no further assets or liabilities for the Reorganized Debtor to administer, the Reorganized Debtor has determined that it is prudent and appropriate to close the Remaining Case at this time to stop the accrual of further U.S. Trustee fees. The Reorganized Debtor will pay all quarterly fees due and owing to the U.S. Trustee for the Remaining Case as soon as reasonably practicable after entry of the Proposed Order.

16. Finally, and in accordance with the foregoing, the Reorganized Debtor respectfully requests that the Court terminate the retention of Kroll after entry of the Final Decree and upon Kroll's preparation of a final claims register for the Clerk's Office and transporting of all proofs of claims to the Federal Archives, or other agreed upon location, at the direction of the Clerk. Following the completion of these acts, the Reorganized Debtor will not require the services that Kroll was retained to perform.

17. Accordingly, the Reorganized Debtor believes that ample justification exists for entry of the Final Decree.

## Reservation of Rights

18. Nothing contained herein is intended or shall be construed as a waiver of the Reorganized Debtor's or any appropriate party in interest's rights seek to reopen the Remaining Case pursuant to section 350(b) of the Bankruptcy Code.

**Notice**

19. Notice of this Motion will be provided in accordance with the procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* [ECF No. 292]. The Reorganized Debtor respectfully submits that no further notice is required.

20. No previous request for the relief sought herein has been made by the Reorganized Debtor to this or any other court.

WHEREFORE the Reorganized Debtor respectfully requests entry of the Final Decree granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 10, 2026
New York, New York

/s/ *Lauren Tauro*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Kelly DiBlasi
David Griffiths
Lauren Tauro

*Attorneys for Reorganized Debtor*

# **<u>Exhibit A</u>**

## **Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **GORM WARM RED LTD.,** | : | **Case No. 22-10935 (MEW)** |
| | : | |
| **Reorganized Debtor.**[1] | : | **Re: ECF No. [●]** |
| | : | |

**FINAL DECREE CLOSING REMAINING CASE**

Upon the motion, dated February 10, 2026 (the "**Motion**"),[2] of Gorm Warm Red Ltd. as reorganized debtor in the above-captioned chapter 11 case (the "**Reorganized Debtor**"), pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Rule 3022-1 of the Local Rules, for entry of an order closing the Remaining Case, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and upon any hearing held on the Motion; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual

[1] The Reorganized Debtor's mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 27, 2024: SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc., Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Reorganized Debtor, its creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Remaining Case is hereby closed, effective as of the date hereof.

2. The Court shall enter this Final Decree on the docket of the Remaining Case, and the docket of the Reorganized Debtor shall be marked as "Closed."

3. The Reorganized Debtor shall file a post-confirmation quarterly report for the last period during which the case of the Reorganized Debtor remained open and shall serve a true and correct copy of said statements on the U.S. Trustee, after the date of entry of the Final Decree as soon as reasonably practicable after entry of this Final Decree.

4. All U.S. Trustee fees due and owing for the Reorganized Debtor shall be paid as soon as reasonably practicable after entry of this Final Decree.

5. Immediately upon entry of this Final Decree and completion of the services listed in paragraph 6 below, the claims and noticing services of Kroll shall be terminated. Thereafter, Kroll shall have no further obligations to this Court, the Debtors, or any other party in interest with respect to this chapter 11 case.

6. Promptly after entry of this Final Decree, Kroll shall (a) prepare a final claims register for the Clerk's Office and (b) transport all proofs of claims to the Federal Archives, or other agreed upon location, at the direction of the Clerk.

7. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor or any party in interest to seek to reopen the Remaining Case pursuant to section 350(b) of the Bankruptcy Code.

8. The Reorganized Debtor is authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Final Decree.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Final Decree.

Dated: ______________, 2026
New York, New York

______________________________________
THE HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**

**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **GORM WARM RED LTD.,** | : | **Case No. 22-10935 (MEW)** |
| | : | |
| **Reorganized Debtor.**[1] | : | |

## CLOSING REPORT IN CHAPTER 11 CASE

To the best of my knowledge and belief, the following is a breakdown in this case:

FEES AND EXPENSES (from case inception):

$50,528,365.57 FEE for ATTORNEY for DEBTOR

$99,895,332.98 OTHER PROFESSIONAL FEES and ALL EXPENSES

---

N/A TRUSTEE FEE (if applicable)

N/A FEE for ATTORNEY for TRUSTEE (if applicable)

---

8.7[2] % DIVIDEND PAID/TO BE PAID

N/A FUTURE DIVIDENDS (check if % of future dividend under plan not yet able to be determined)

---

YES INITIAL DISTRIBUTION UNDER THE PLAN COMPLETED

[1] The Reorganized Debtor's mailing address is AVD kod: STOUU-T, SE-195 87 Stockholm, Sweden. The chapter 11 cases of the following affiliates of the Reorganized Debtor were closed effective as of December 27, 2024: SAS AB, SAS Danmark A/S, SAS Norge AS, SAS Sverige AB, Scandinavian Airlines System Denmark-Norway-Sweden, Scandinavian Airlines of North America Inc., Gorm Asset Management Ltd., Gorm Dark Blue Ltd., Gorm Deep Blue Ltd., Gorm Sky Blue Ltd., Gorm Light Blue Ltd., Gorm Ocean Blue Ltd., and Gorm Engine Management Ltd.

[2] This figure represents the percentage recovery to holders of Class 5 Claims at SAS AB. Recoveries to holders Allowed Claims in Class 5 in the Debtors' other cases received a recovery between 0.70% and 2.2%.

N/A__________ OTHER: (explain)

________________________________________________________________________

Dated: February 10, 2026
New York, New York

/s/ *Jonathan Wallden*
Name: Jonathan Wallden
Title: Executive Vice President & Chief Financial Officer